IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JEFFERY[1] RAMSEY   # 204588                                    PETITIONER

VERSUS                                                NO. 1:19cv212-HSO-RHW

STATE OF MISSISSIPPI and JOEL SMITH                   RESPONDENTS

**REPORT AND RECOMMENDATION**

Before the Court are [1] the Petition for Writ of Habeas Corpus filed by Jeffery Ramsey and the Respondents' November 13, 2019 motion [22] seeking dismissal of the petition for failure to exhaust state remedies before filing for federal habeas relief. Ramsey has filed no response to the motion. After reviewing and considering the pleadings, records on file, and relevant legal authority, the undersigned is of the opinion that Respondent's motion should be granted, and the petition for federal habeas relief, dismissed.

Facts and Procedural History

Jeffery Ramsey is incarcerated with the Mississippi Department of Corrections (MDOC) serving sentences totaling six years and six months for three felony convictions of Driving Under the Influence (DUI) in the Second Judicial District of Harrison County, Mississippi. Ramsey's felony DUI charges stemmed from incidents on December 3, 2016 (Indictment No. B2402-2017-299 returned July 31, 2017 by the Harrison County grand jury); on August 11, 2017 (Indictment No. B2402-2018-132 returned April 2, 2018); and on October 1, 2017 (Indictment No. B2402-2018-103 returned March 19, 2018). [22-1, pp. 46-48, 30-32, 38-40] Each of the indictments recites Ramsey's four prior DUI convictions in Florida. While he was incarcerated in Harrison County Detention Center (HCDC) awaiting trial on the Mississippi charges, Ramsey filed a

---

1 This is how Ramsey spells his given name; the Mississippi Department of Corrections spells his name "Jeffrey."

lawsuit pursuant to 42 U.S.C. § 1983 challenging his state court criminal proceedings and seeking damages, release and injunctive relief. Ramsey signed and dated his § 1983 complaint February 14, 2019 and it was filed by the Clerk on February 19, 2019. See *Ramsey v. Smith*, *et al.*, Civil Action No. 1:19cv54-HSO-RHW. On April 2, 2019, the District Judge entered an order noting that, "To the extent Ramsey seeks a speedier release, he must pursue such relief through a petition for writ of habeas corpus." [1] The order severed Ramsey's habeas claims from his § 1983 action, giving rise to the habeas action now before the Court. At the Court's direction, the Clerk opened this case for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Six days later, Ramsey's status changed from that of pre-trial detainee to convicted felon.

On April 8, 2019, Ramsey pled guilty in the Circuit Court of Harrison County to all three of the DUI indictments and was sentenced to ten years in each case for a total of 30 years, with six years and six months to serve, and the remainder suspended, along with post-release supervision, fines, restitution, and costs as stated in the plea transcript and resulting sentencing orders. [22-1] Each of the sentencing orders placed Ramsey under the control and supervision of the Mississippi Department of Corrections (MDOC) to serve his sentences. Ramsey was released from confinement by July 24, 2019, as reflected in the change of address he filed on that date to provide a free-world address. [12] Although the docket in the present case does not reflect Ramsey's having been physically remanded to the custody of the MDOC, the Court is aware from address changes filed in his § 1983 lawsuit that he was sent to MDOC's Central Mississippi Correctional Facility (CMCF) by May 16, 2019. The dockets of both cases reflect his July 2019 release and free-world status, and show he was back in HCDC custody by October 23, 2019, and CMCF by October 28, 2019.[2] According to his latest change of address [24] and

---

[2] Another pending habeas proceeding in this Court shows Ramsey was arrested October 5, 2019 by D'Iberville Police Department for Felony DUI Test Refusal, careless driving, no driver's license and no proof of insurance, and his parole was revoked. See, *Ramsey v. King*, 1:20cv10-LG-RHW.

the MDOC website, he is now confined at South Mississippi Correctional Institution (SMCI) with a tentative release date of July 14, 2023.

On April 15, 2019, Ramsey signed a petition for writ of habeas corpus pursuant to 28 USC § 2241, which the Clerk filed on April 18, 2019.  [7]   In the petition, Ramsey indicates he is both a pretrial detainee and that he is serving a sentence for conviction of a crime, explaining, "plea taken on April 8, 2019 because of excessive delay for trial and violation of speedy trial." [7, p. 2]   He purports to challenge both his pretrial detention and the validity of his convictions/sentences.   [7, pp. 1-2]   Ramsey states in paragraph 6 of his petition:

> I'm a pretrial detainee awaiting trial since October 1, 2017 and the judicial district excessively delay (*sic*) trial and abuse the judicial system for their own purposes and do not proceed.   I filed fast and speedy trial in 2017 and the courts did not acknowledge the motion or proceed.

He responded affirmatively to the petition's paragraph 7 query as to whether he appealed, filed a grievance or sought an administrative remedy, indicating he did so by filing his § 1983 lawsuit, *Ramsey v. Smith*, Civil Action No. 1:19cv54-HSO-RHW.

As grounds for relief in the present habeas petition Ramsey states, "Deprivation of life, liberty, and property.   See attachments for grounds and their facts.   5 pgs."   [7, p. 6]   He indicates he did not present this ground in all appeals that were available to him.   [7, p. 7] From Ramsey's remarks in the petition, Respondent has identified five additional potential grounds including a Fourth Amendment claim that search warrants were invalid/illegal; a Fifth Amendment Due Process claim; a Sixth Amendment speedy trial claim; an Eighth Amendment cruel and unusual punishment claim; and a Fourteenth Amendment Due Process/Equal Protection claim.   However, because there is no evidence that Ramsey ever presented any of the grounds for relief to the state's highest authority for review before filing this habeas petition, Respondents urge the petition must be dismissed for failure to exhaust state remedies.

Law and Analysis

A federal habeas claim challenging pretrial detention is properly brought under 28 U.S.C. § 2241, while one challenging the validity of a state court conviction and sentence is brought under § 2254. *Hartfield v. Osborne*, 808 F.3d 1066, 1072 (5th Cir. 2015). While in state custody, but not being held pursuant to a state court judgment, Hartfield filed a § 2241 habeas. When he was thereafter convicted in state court, the Fifth Circuit found Hartfield's petition fell within § 2254(b)(1), because he was then in custody pursuant to a state court judgment and "any habeas writ that issues from a federal court … would necessarily release him from custody pursuant to a state court judgment." *Id*., 808 F.3d at 1071-1072. The Court stated the issue was not whether Hartfield's petition should be "recharacterized as brought under § 2254, but whether § 2254 applies to his petition in addition to § 2241," and held, "based on the plain language of § 2254 … that § 2254 now applies to [petitioner's] petition." *Id*., 808 F.3d at 1072-1073 (citing *Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003)).

Although Ramsey's habeas claim was originally filed pursuant to § 2241, the Court cannot ignore the fact that he has been in custody pursuant to the judgment of the state court since he entered his guilty pleas and was sentenced by the Harrison County Circuit Court, which brings his petition under § 2254. Respondents urge the Ramsey's petition should be construed and analyzed as a § 2254 claim. The above authority plainly indicates § 2254 applies to Ramsey's petition at this point, and exhaustion is required.

By statute, a prisoner in custody pursuant to a state court judgment must exhaust all remedies available in state court before filing for federal habeas relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999) ("Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief"); see also *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). With respect to

habeas claims under § 2241, the Fifth Circuit has recognized the need for exhaustion, stating:

> Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.   (citations omitted).

*Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987).   The United States Supreme Court stated in *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999):

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Because Ramsey failed to present his claims to the state's highest court in a procedurally proper manner and allow that court the opportunity to resolve his complaints before filing his petition in this Court, the undersigned finds his petition should be dismissed.   *Id*

## RECOMMENDATION

Based upon the foregoing, the undersigned recommends that Respondents' motion to dismiss be granted and this case, dismissed for Ramsey's failure to exhaust state court remedies prior to filing his federal habeas corpus petition.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Within 14 days after being served a copy of this Report and Recommendation (R&R), a party may serve and file with the Clerk of Court his written objections to the R&R, specifically identifying the findings, conclusions, and recommendations to which he objects.   *L.U.Civ.R.* 72(a)(3).   The District Court need not consider frivolous, conclusive, or general objections.   Responses to objections may be filed within seven days after service of the objections.   Absent timely written objections, one may not attack on appeal any proposed factual finding or legal

conclusion accepted by the District Court, except on plain error grounds. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 8th day of June 2020.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE