IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JEFFERY RAMSEY** | § | **PETITIONER** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:19cv212-HSO-RPM** |
| | § | |
| | § | |
| **STATE OF MISSISSIPPI and** | § | **RESPONDENTS** |
| **JOEL SMITH** | § | |

**ORDER OVERRULING PETITIONER'S [28] OBJECTION; ADOPTING MAGISTRATE JUDGE'S [25] REPORT AND RECOMMENDATION; GRANTING RESPONDENTS' [22] MOTION TO DISMISS; AND DISMISSING [2] PETITION FOR WRIT OF HABEAS CORPUS**

This matter comes before the Court on Petitioner Jeffery Ramsey's Objection [28] to the Report and Recommendation [25] of United States Magistrate Judge Robert H. Walker, which recommended that Respondents State of Mississippi and Joel Smith's Motion to Dismiss [22] be granted and that Petitioner Jeffery Ramsey's Petition for Writ of Habeas Corpus [2] be dismissed.  After due consideration of the Motion [22], the Report and Recommendation [25], Petitioner's Objection [28], the record, and relevant legal authority, the Court finds that Petitioner's Objection [28] should be overruled, that the Magistrate Judge's Report and Recommendation [25] should be adopted, that Respondents' Motion to Dismiss [22] should be granted, and that the Petition for Writ of Habeas Corpus [2] should be dismissed.

I.  BACKGROUND

In 2017 and 2018, Petitioner Jeffery Ramsey ("Petitioner" or "Ramsey") was charged in the Circuit Court of Harrison County, Mississippi, Second Judicial

District, in three separate indictments for three separate offenses of felony driving under the influence. *See Ramsey v. Smith,* No. 1:19cv54-HSO-RHW, 2020 WL 4053728, at *1 (S.D. Miss. July 20, 2020). While a pretrial detainee at the Harrison County Adult Detention Center, Ramsey filed a pro se complaint under 42 U.S.C. § 1983 in a separate civil action in this Court. *See id.* Ramsey's complaint sought, in part, a speedier release from custody, which the Court determined should be pursued through a petition for writ of habeas corpus. *See* Order [1] at 1-2. The Court severed Ramsey's habeas claims from his § 1983 case, and this new 28 U.S.C. § 2241 civil action was opened. *See id.*

On April 8, 2019, Ramsey pled guilty in state court to the three separate charges of felony driving under the influence and was sentenced to 10 years as to each count, to run consecutively, for a total sentence of 30 years. *See* Pet. [7] at 1; Ex. "A" [22-1] at 25-27. Ramsey was ordered to serve 6 ½ years of this sentence as a period of incarceration and the remaining 23 ½ were years suspended, followed by 5 years of reporting post-release supervision. *See* Ex. "A" [22-1] at 27.

On April 10, 2019, before the Court was aware of the guilty pleas, the Magistrate Judge ordered Ramsey to complete and file a form § 2241 petition. Ramsey filed the form Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this case on April 18, 2019, asserting the following grounds supporting relief: (1) deprivation of life, liberty, and property; (2) violation of the Fourth Amendment of the United States Constitution because "search warrants were invalid/illegal"; (3) violation of the right to due process under the Fifth Amendment; (4) violation of

speedy trial rights under the Sixth Amendment; (5) cruel and unusual punishment under the Eighth Amendment; and (6) violation of the Fourteenth Amendment with a "violation of Due Process/Equal Protection/ Citizenship."   Pet. [7] at 6, 10-13.  Ramsey requested that all charges against him be dismissed.   Id. at 8.

Respondents State of Mississippi and Joel Smith ("Respondents") filed a Motion to Dismiss [22], arguing that Petitioner's claims should be dismissed without prejudice as unexhausted.   See Mot. [22] at 7.   Petitioner did not respond to the Motion [22].

On June 8, 2020, United States Magistrate Judge Robert H. Walker entered a Report and Recommendation [25] recommending that the Motion to Dismiss [22] be granted and that this case be dismissed for Petitioner's failure to exhaust state court remedies prior to filing his federal habeas corpus Petition.   See R. & R. [25] at 5.   Petitioner has submitted an Objection [28] to the Report and Recommendation [25], asserting that he did "exhaust his state remedies before filing federal habeas relief."   Obj. [28] at 1.   Respondents have filed a Response [29] opposing Petitioner's Objection [28] and arguing that the Magistrate Judge correctly determined that the Petition should be dismissed as unexhausted.   See Resp. [29] at 1-3.

## II.   DISCUSSION

A.   Standard of review

Because Petitioner has filed a written Objection to the Magistrate Judge's Report and Recommendation [25], the Court "make[s] a de novo determination of

3

those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Otherwise, the Court applies the "clearly erroneous or contrary to law" standard. *Id.* at § 636(b)(1)(A).

Petitioner is entitled to de novo review "as to those issues to which an objection is made." *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991). "Such review means that this Court will examine the entire record and will make an independent assessment of the law." *Lambert v. Denmark*, Civil No. 2:12-cv-74-KS-MTP, 2013 WL 786356, *1 (S.D. Miss. Mar. 1, 2013). In conducting a de novo review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

B.  Habeas exhaustion requirement

While Petitioner was initially held as a pretrial detainee and filed a pretrial federal habeas petition under § 2241, intervening events have resulted in Petitioner now being in custody pursuant to a state court judgment. Because Petitioner's "claim is now properly characterized as an attack on the validity of his conviction and sentence, his petition . . . must be brought under § 2254." *Hartfield v. Osborne*, 808 F.3d 1066, 1072 (5th Cir. 2015) (quotations omitted).[1]

---

[1] The Court notes that during the pendency of this case, Petitioner changed his address on the docket from the Harrison County Adult Detention Center ("HCADC") to a free-world address, then back to the HCADC, to the Central Mississippi Correctional Facility, to the South Mississippi Correctional Institution, and finally after the Report and Recommendation was entered to the free-world again on June 17, 2020. *See* Pet. [2] at 2; Notice [12] at 1; Notice [18] at 1; Notice [20] at 1; Notice [24] at 1; Notice [26] at 1. According to documents filed in Ramsey's separate habeas action in this Court, it appears that Petitioner's parole on the three charges in this case was revoked on October 31, 2019, *see Ramsey v. King*, 1:20cv10-LG-RPM, Ex. [12-9] (S.D. Miss. June 3, 2020) (parole revocation hearing action sheet), but Petitioner has again been released on parole, *see*

"Section 2254 imposes a specific exhaustion requirement on habeas petitioners . . . ." *Id.* at 1068. Under the statute, a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a state court shall not be granted unless it appears that

(A) the applicant has exhausted the remedies available in the courts of the State; or
(B) (i) there is an absence of available State corrective process; or
    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). Under the statute, "a state prisoner must exhaust available state remedies before presenting his claim to a federal habeas court." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (citing 28 U.S.C. § 2254(b)(1)(A)). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019) (quotation omitted).[2]

C.   Analysis

Petitioner makes the conclusory assertion in his Objection [28] that he did "exhaust his state remedies before filing federal habeas relief," Obj. [28] at 1, but he offers no evidence to support this claim. Respondents dispute Petitioner's contention and maintain that he has not satisfied the exhaustion requirement. *See* Resp. [29] at 1 (stating that a review of the Harrison County Circuit records shows

---

*Ramsey v. King*, 1:20cv10-LG-RPM, Ex. [14-1] at 1 (S.D. Miss. June 12, 2020) (Certificate of Parole). The Court retains jurisdiction over Petitioner's § 2254 Petition because as a parolee, Petitioner "remains 'in custody' for federal habeas purposes." *Cruz v. Johnson*, 273 F.3d 393, 2001 WL 1013196, *2 (5th Cir. 2001).

[2]   A § 2241 petition must also be properly exhausted. *See Hartfield*, 808 F.3d at 1073.

that "Ramsey did not (and has not) file[d] a motion for post-conviction relief in the circuit court challenging his pleas and sentences").

Based upon its review of the record, the Court finds no evidence or other indication that Petitioner exhausted his remedies available in state court, *see* 28 U.S.C. § 2254(b)(1)(A), and there is no indication that Petitioner has presented the substance of his federal habeas claim to the highest Mississippi state court, *see Adekeye*, 938 F.3d at 682; *see also, e.g.,* Order, Miss. Sup. Ct. No. 2020-M-0008 (Miss. Feb. 5, 2020) (dismissing without prejudice Ramsey's "Permission to Proceed Petition for Post-Conviction" because "[a]ny application for post-conviction relief should be filed in the trial court"). Nor has Petitioner alleged or shown that state procedures are absent or that they would be ineffective. *See* 28 U.S.C. § 2254(b)(1)(B). Dismissal of Ramsey's habeas petition for failure to exhaust is appropriate.

## III. CONCLUSION

The Court will overrule Petitioner's Objection [28], adopt the Magistrate Judge's Report and Recommendation [25] as the opinion of this Court, grant Respondent's Motion to Dismiss [22], and dismiss the Petition for Writ of Habeas Corpus as unexhausted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Petitioner Jeffery Ramsey's Objection [28] to the Report and Recommendation [25] of United States Magistrate Judge Robert H. Walker is **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and

Recommendation [25] of United States Magistrate Judge Robert H. Walker is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondents State of Mississippi and Joel Smith's Motion to Dismiss [22] is **GRANTED,** and Petitioner Jeffery Ramsey's Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust.

**SO ORDERED AND ADJUDGED**, this the 6th day of August, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE